**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| HEATHER HASSENBANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-4139-DDC |
| | ) |
| DR. CHARLES GIBBS, | ) |
| THE UNIVERSITY OF | ) |
| KANSAS HOSPITAL, and | ) |
| TIFFANY MOORE, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Heather Hassenbank, proceeding *pro se* and *in forma pauperis*, has filed the above-captioned case against Dr. Charles Gibbs, "the University of Kansas Hospital," and Tiffany Moore. For the reasons stated below, the magistrate judge recommends the district judge dismiss this action without prejudice for failure to state a claim upon which relief may be granted.

When a plaintiff proceeds *in forma pauperis*, the court may review the complaint under Title 28 of the United States Code, Section 1915(e)(2). That section authorizes the court to dismiss the case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[1] The court uses the Rule 12(b)(6) motion to dismiss standard to determine whether dismissal under Section 1915(e)(2)(B)(ii) is appropriate.[2] The court liberally construes *pro se* parties' pleadings and will accept as true all well-pleaded facts,

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

[2] *Washington v. Washington*, No. 14-1215-EFM-KGG, 2014 WL 4059788, at *3 (D. Kan. Aug. 15, 2015).

drawing all reasonable inferences in plaintiff's favor.[3] However, plaintiff still bears the burden of alleging sufficient facts upon which a recognized legal claim could be based. The court cannot assume the responsibility of serving as plaintiff's attorney in constructing arguments or scouring the record for a possible cause of action.[4] The plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[5]

Plaintiff has used this district's form complaint for *pro se* litigants, and she has attached additional materials to her complaint as well. In the section of the form asking for a short and plain statement of the claim showing that plaintiff is entitled to relief, she states, "Dr. Gibb's took it upon himself to Google my name my federal lawsuit in for and CPS involvement with our other children in Neb and put it in my med record 3-29-16 violation of 4 ament right[.]"[6] In another portion of the complaint seeking a statement of damages, plaintiff also alleges that "because of the dr acting and [Googling] of my name and got my new baby taken it not his job to look into my background . . . he search and seizure my information without my consent, the Fourth Amendment protect people from unreasonable search and seizures by government."[7] Plaintiff has also attached to her complaint an additional handwritten document that further alleges that Dr. Gibbs met with child welfare authorities and disclosed plaintiff's "record" to a

---

[3] *Id.*

[4] *Yarbury v. Martin, Pringle, Oliver, Wallace, & Bauer LLP*, No. 15-1171-MLB, 2015 WL 5032510, at *2 (D. Kan. Aug. 11, 2015) (quoting *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011)) (internal quotations omitted).

[5] *Id.* (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[6] Compl. at 3, ECF No. 1.

[7] *Id.* at 4-5.

social worker without plaintiff's consent.[8] Plaintiff alleges that this record contained "confidential infor[mation] under federal privac[y] rule established by the Heath insurance portable and account acct. of the 1996 Hippaa law."[9] The allegations separately reference that plaintiff has proof "that he [Dr. Gibbs] did his 1983 action."[10]

Plaintiff further alleges that Dr. Gibbs called "Tiffany Moore at KU and told her about my [illegible]."[11] Plaintiff has attached records from the Center for Advanced Fetal Care & Center for High Risk Pregnancy bearing Dr. Charles Gibbs' name. The records indicate that the medical staff treating plaintiff had concerns about plaintiff's behavior and that a Google search had revealed that a person by the same name as plaintiff had been involved in litigation in the State of Nebraska concerning the removal of her children by state authorities.[12]

While plaintiff's allegations are somewhat difficult to follow and in some instances, her handwriting is illegible, plaintiff's factual allegations specifically mention an alleged violation of her Fourth Amendment rights, "1983," and an alleged violation of "Heath insurance portable and account acct. of the 1996 Hippaa law." The court construes plaintiff's complaint as attempting to assert a claim under 28 U.S.C. § 1983 for a violation of her Fourth Amendment rights and attempting to assert a claim under the Heath Insurance Portability and Accountability Act (HIPAA) of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996).

---

[8] *Id.* at 8.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 9.

[12] *Id.* at 10-13.

Plaintiff's complaint does not state a claim for relief under 42 U.S.C. § 1983. Under § 1983, a plaintiff may assert a claim for damages against another who, acting under the color of state law, deprived plaintiff of a federal right.[13] Plaintiff fails to plead that any of the defendants were acting under the color of state law. Plaintiff also fails to sufficiently plead a violation of her Fourth Amendment right to be free from an unreasonable search. "The reasonableness of any search must be considered in the context of the person's legitimate expectations of privacy."[14] Thus, "[o]fficial conduct that does not compromise any legitimate interest in privacy is not a search subject to the Fourth Amendment."[15] The search plaintiff alleges is a Google search of her name by Dr. Gibbs. Plaintiff has no reasonable expectation of privacy in information publicly available online.[16] Therefore, this is not an unreasonable search within the meaning of the Fourth Amendment.

To the extent plaintiff is attempting to bring claims stemming from the alleged disclosure of protected health information, this claim would also fail "as HIPAA does not create a private right of action for alleged disclosures of confidential medical information."[17] And finally, plaintiff's complaint alleges only that Dr. Gibbs called Ms. Moore "at KU." Plaintiff has failed to allege sufficient facts giving rise to any claims against Defendant Moore or Defendant "University of Kansas Hospital."

---

[13] *Utah Animal Rights Coal. v. Salt Lake Cnty.*, 566 F.3d 1236, 1242 (10th Cir. 2009).

[14] *Maryland v. King*, --- U.S. ---, 133 S. Ct. 1958, 1978 (2013).

[15] *Illinois v. Caballes*, 543 U.S. 405, 408 (2005) (internal quotations omitted).

[16] *See, e.g., United States v. Dodson*, 960 F. Supp. 2d 689, 695 (W.D. Tex. 2013) (finding no reasonable expectation of privacy in files made available for public download and citing analogous cases reaching the same conclusion).

[17] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) (citing *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA.")).

For these reasons, the magistrate judge recommends the district judge dismiss this action without prejudice because plaintiff fails to state a claim upon which relief may be granted. Pursuant to 28 U.S.C.§ 636(b)(1) and Fed. R. Civ. P. 72, plaintiff shall have fourteen (14) days after service of a copy of this Report and Recommendation to file any written objections. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

Dated this 31st day of August, 2016, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge